The' judge below decided in favor of plaintiff’s proposition, and wrote as follows :
“Ingraham, J.
In construing an agreement, effect-must be given to every provision in the agreement, and the object is to discover,.if possible, the intention of the parties.
“By the fifth clause of the agreement, defendant agreed to pay to plaintiff’s assignor $3 for each and every full door or opening to which the improvement may be applied. By the seventh clause, defendant is to make a return on the first days of May and November, and to pay the amount due. It will be seen that the payments are to be made every six months. The return is to state the number of doors and openings manufactured, and then, at the time of making such return, the defendant is to pay, not $3 for each door made, but the ‘ royalties provided to be paid and found due and owing him (plaintiff’s assignor).’ The tenth clause provides that— ‘It is further agreed that no payment of royalties shall be less than $100, whether doors to cover that amount have been manufactured or not.’ Effect can be given to this tenth clause only by holding that it was the intention of the parties that the defendant should pay to plaintiff’s assignor $3, for each door manufactured, but whether doors were manufactured or not, to pay $100 every six months.
“Under the stipulations, therefore, plaintiff is entitled to judgment for $500 and costs, and judgment is ordered accordingly.”
From the judgment entered in conformity with this opinion, defendant appeals.
A. J. Todd, attorney, and of counsel for appellant, argued:
I. No such intention can be inferred as is set forth by the court below, in its opinion ; because, until royalty is earned, there is to be nothing paid, nor any account rendered ; and when a payment of royalty is to be made, not less than $100 is to be paid for such six months then elapsed. The court must therefore find that some royalty has accrued before it can award the plaintiff’s $100 for such six months. Such, and such only, is consistent with the plain reading of said clause, and with the other parts of the agreement calling for an account to be rendered, and the payment of royalty. The said clause plainly says, “no payment of royalties shall be less than $100,” etc. That does not mean that a bonus shall be paid every six months to the plaintiff, that is $100 “whether hatch doors have been manufactured or not but, on the contrary, when any doors are to be accounted for, at least $100 must be paid therefor, every six months, if but two or three hatch doors, for instance, have been manufactured. The language of the clause in dispute is expressly guarded. It says, “Whether doors to cover that amount have been manufactured or not.” This is significant, and expressive of another construction of the whole clause than the one given by the learned judge in the court below. Tho conclusion of the learned judge implies that an account must be rendered every six months, assuming that the defendant corporation is not doing any business at all—that is, not manufacturing. This is plainly in violation of the proper reading of the clause of the agreement, calling for an account to be rendered every six months. Certainly no account can be rendered if no hatch doors have been manufactured. And if no account is to be rendered, no payment of royalty is to be made. And if no payment of royalty is to be made, then under the plain reading of the clause in dispute the $100 is not to be paid. This is clear and conclusive logic, and is fully consistent with the rest of the agreement, while the view of the learned judge below is not.
William H. Clark, attorney, and of counsel for respondent, argued:
I. The defendant, when the contract was made, guaranteed the plaintiff’s assignor that for the license and authority which he had given the defendant to erect doors and openings under his patent, he should have $3 for every door erected, and at least $100 every six months. This was evidently the intention of the parties at the time the contract was made, as appears from the tenth paragraph following the clause agreeing to pay $100 every six months. It is evident that the officers of the defendant company recognized the fact that this payment of $100 every six months, whether the company was manufacturing doors or not, might at some time become burdensome, hence the insertion of the clause that the license might be surrendered, and this liability terminated.
II. An analysis of the construction which the defendant seeks to have put on this contract, will show that if the defendant manufactured but one door during the first month of one of the periods of six months, it would be liable for $100, and then it might go on and manufacture thirty-three additional doors, and it would still only be liable to pay Mr. Hackett $102 for the entire thirty-four, or $100 for the first door, and about six cents each for the remaining thirty-three. Such a construction would not be consistent with common sense, and it cannot be the intention of the parties, for it would be a nullification of the clause, whereby the defendant agreed to pay $3 for each and every door erected. The words “asa royalty,” in paragraph fifth of the agreement, are used to show the object of the payment of $3 on each door, and as the word royalty is commonly used and understood, it means that Mr. Hackett is to be paid $3 on each door erected, as a compensation for the license and authority which he had conferred on the defendant to manufacture those doors, and if this last expression were used instead of the words “asa royalty,” there would be no substantial difference in the meaning of the clause in *269 dispute, and in that event the argument now attempted to be advanced by the defendant, .would be even more clearly without foundation than it is at present.
Per Curiam.
Judgment affirmed, with costs, on the opinion of the court below!